Rev. 10/09

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

IN RE: **Leslie McDonald**                              Case No.

Debtor(s)                                              Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN   ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

---

### Plan Summary

A. The Debtor's Plan Payment is scheduled at __**$51.00 Monthly**__   ☑ Pay Order, ☐ Direct Pay
   for __**60 months**__. The gross amount to be paid into the plan is __**$3,060.00**__.

B. The Plan proposes to pay all allowed priority, special class and secured claims and approximately __**4%**__ of the unsecured allowed claims. THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to receive distributions under any plan. Other than adequate protection payments, disbursements will begin after entry of an order of confirmation of the plan.

C. Value of non-exempt assets __**$74.00**__.

D. Current monthly income __**$3,113.00**__, - expenses __**$3,062.00**__ = available for Plan __**$51.00**__.

E. The total amount to be paid into the Plan shall be increased for tax refunds as set forth in the Standing Order for Chapter 13 Case Administration in this Division. These additional receipts shall be disbursed according to the provisions of the Plan. IRS or Debtor(s) are directed to forward refund to the Trustee.

### Special Plan Provisions
None.

### Plan Provisions

### I. Vesting of Estate Property

Upon confirmation of the plan, all property of the estate shall vest in the Debtor(s), and shall not remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

### II. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Sprint | Cell Phone Bill | Assumed | No |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

### III. Specific Treatment for Payment of Allowed Claims

**1. DIRECT PAYMENTS BY DEBTOR TO CREDITORS; SURRENDER OF COLLATERAL**

   A. Debtor shall pay the following creditors directly:

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| US Bank Home Mortgage | | $75,340.00 | $930.00 |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Leslie McDonald**  Case No.

Debtor(s)  Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN  ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

B. Debtor shall surrender the following collateral:

| Creditor Name / Collateral Surrendered | In Full Satisfaction (Yes/No) | Debt Amount |
|---|---|---|
| | | |

C. Creditor's Direct Communication With Debtors

Creditors whose claims are scheduled to be paid directly by the debtor(s), including creditors with claims secured by real property or vehicles, are authorized to send monthly statements to the debtor(s). They are also authorized to communicate directly with the debtor(s) in response to a debtor's questions about monthly payments, escrow accounts, account balances, increases in monthly payments, and other routine customer service inquiries.

## 2. PAYMENTS BY TRUSTEE

A. Administrative Expenses (including Attorney's fees)
*The Trustee may receive up to 10% of all sums disbursed, except on any funds returned to the debtor.*

| Creditor | Estimated Amount of Debt | Monthly Payment Amount |
|---|---|---|
| | | |

B. Ongoing Mortgage Payments

The Trustee shall pay all post-petition monthly mortgage payments on claims against real property that were delinquent on the petition date ("Ongoing Mortgage Payments"). The Ongoing Mortgage Payments will be in the amount stated in the allowed proof of claim or as fixed by Court order. If the debtor makes a Plan payment that is insufficient for the Trustee to disburse all Ongoing Mortgage Payments required below, such payments will be disbursed in the order listed below. The Trustee shall hold debtor payments until a sufficient amount is received to make a full Ongoing Mortgage Payment. The debtor shall provide to the Trustee all notices received from Mortgage Creditors including statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit Mortgage Creditors to issue such notices. Changes to the monthly Ongoing Mortgage Payment or the addition of post-petition mortgage fees and charges shall be effectuated pursuant to the *Standing Order Relating to Ongoing Mortgage Payments in Chapter 13 Cases in the Austin Division.*

| Mortgage Creditor / Property Address | Monthly Mortgage Payment (proof of claim controls) | Monthly Late Charge | Interest Rate | Payment Due Date | Paid by Trustee OR Paid Direct by Debtor (select one) |
|---|---|---|---|---|---|
| | | | | | |

C. Secured Claims - Mortgage Arrearage, Real Property

The Plan will cure pre-petition arrearage claims pursuant to the payment schedule set forth below. The allowed arrearage claim will be the amount of the allowed proof of claim or as fixed by court order.

| Creditor / Property Address / Description of Collateral | Estimated Claim | Mo. Pmt or Method of Disbursement | Interest Rate (if applicable) | Other Remarks |
|---|---|---|---|---|
| | | | | |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Leslie McDonald**  Case No.

Debtor(s)  Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN  ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 2*

---

D. Secured Claims - Personal Property; Adequate Protection Payments; MOTIONS TO VALUE COLLATERAL

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the full amount of the claim, as specified below, plus interest thereon at the rate specified in this Plan. FAILURE OF THE SECURED CREDITOR TO OBJECT TO THE PROPOSED VALUE WILL BE DEEMED ACCEPTANCE OF THE PLAN UNDER SECTION 1325(a)(5)(A). Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section III(2)(F).

In the first disbursement following the filing of a claim by a creditor holding an allowed claim secured by personal property, the Trustee shall commence making adequate protection payments in the amount set out below, unless otherwise ordered by the Court. Such payments shall cease upon confirmation of the plan.

| Creditor/Collateral | Adequate Protection Payment | Other Treatment/Remarks |
|---|---|---|
| | | |

The Debtor moves to value collateral described below in the amounts indicated. The Debtor(s) declares, under penalty of perjury, that the foregoing values as stated in the above Motion and the Plan for the secured debt are true and correct and to the best of their knowledge represent the replacement value, pursuant to Section 506(a)(2), of the assets held for collateral.

**/s/ Leslie McDonald**

Leslie McDonald, Debtor

Objections to Valuation of collateral proposed by this plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. Following confirmation of the plan, monthly payments shall be made as follows:

| Creditor / Collateral | Est. Claim | Value of Collateral | Monthly Payment | Interest Rate | Pay Value of Collateral (OR) Pay Full Amount of Claim (select one) |
|---|---|---|---|---|---|
| | | | | | |

Secured creditors shall retain their liens on the collateral which is security for their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under 11 U.S.C. Section 1328. In addition, if this case is dismissed or converted without completion of the plan, such liens shall also be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

E. Priority Creditors

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Remarks |
|---|---|---|---|
| | | | |

F. General Unsecured Creditors, [including claims from rejection of contracts, leases and contracts for deed]. Unless otherwise provided below, payments to creditors with allowed general unsecured claims shall be made on a pro rata basis as funds become available after payment of other creditors. It is estimated that distribution to the general unsecured creditors will commence in the \_\_\_\_**1st**\_\_\_\_ month of the Plan.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Leslie McDonald**　　　　　　　　　　　　　　　　　　Case No.

　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN　　☐ *AMENDED*
### AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

---

G. Cure claims on Assumed Executory Contracts, Contracts for Deed & Leases:

| Creditor | Estimated Amount of Debt | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**Totals:**

| | |
|---|---|
| Administrative Claims | **$0.00** |
| Arrearage Claims | **$0.00** |
| Secured Claims | **$0.00** |
| Priority Claims | **$0.00** |
| Unsecured Claims | **$66,434.00** |
| Cure Claims | **$0.00** |

H. Supplemental Plan Provisions

　　(a) MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)

Debtor moves to avoid the following liens that impair exemptions. Objections to Lien Avoidance as proposed in this plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien, i.e. judicial, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
| | | |

### IV. General Information

> **NOTICE:** Local Rule 3002 provides, in part:
>
> *"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any, to the Debtor's Attorney (or the Debtor if the Debtor is pro se) and the Trustee appointed in the case."*

Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. The deadline for the filing of objections to confirmation is ten days prior to the confirmation hearing.

Rev. 10/09

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

IN RE: **Leslie McDonald**                                    Case No.

             Debtor(s)                                        Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN     ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

Respectfully submitted this date: __**11/12/2010**_____.

  **/s/ Leslie McDonald**
Leslie McDonald
21212 Secretariat Ridge Lane
Pflugerville, TX 78660
(Debtor)


  **/s/ Ryan P. Dunn**
Ryan P. Dunn
1505 W. 6th St.
Austin, TX 78703
Phone: (512) 236-1114 / Fax: (512) 472-4013
(Attorney for Debtor)